Submitted on record and briefs April 23, motion to dismiss denied; affirmed
July 1, 1992

PETRA PEREZ MEMORIAL
SENIOR CENTER,
*Plaintiff,*

*v.*

D.D. & E.M. GOODRICH
ENTERPRISES, INC.,
*Defendant,*

*and*

WASHINGTON COUNTY AREA
AGENCY ON AGING,
*Cross-Plaintiff - Respondent,*

*v.*

D.D. & E.M. GOODRICH
ENTERPRISES, INC.,
and Dwayne D. Goodrich,
*Cross-Defendants - Appellants,*

*and*

Mary BAUM,
dba Mary's Kitchen,
*Cross-Defendant.*

(C881169CV; CA A68507)

833 P2d 1336

Dwayne Dean Goodrich, Cornelius, filed the briefs for appellants. With him on the opening brief was Paul S. Wiggins, Jr., Forest Grove.

Michelle R. Burrows, Richard A. Lazar and Lazar & Burrows, Portland, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants appeal from the judgment for plaintiff[1] after a trial to the court in this action for conversion and intentional interference with contractual relations. The action arose from defendants' wrongful eviction of their tenant, Petra Perez Memorial Senior Center (Petra Perez), and their wrongful retention of property in which plaintiff has a possessory interest.

Defendants' first assignment is that the court erred by allowing a witness to testify about the "value of the financial impact" that resulted from the interference with contractual relations. Defendants' objection to the question was:

> "I'll object to the form of the question. She's asking about damages tied to some interference and there just hasn't been any evidence of an interference."

Defendants argue on appeal that the testimony was inadmissible, because it was guesswork and was speculative. No objection was made on that ground, insofar as the part of the record quoted in the assignment of error recites. Defendants also argue under their first assignment:

> "The only finding of fact by the Trial Court on the issue of defendant's alleged interference with a contract was noted on Pg. 7, Lines 16-20 of the Court's Memorandum Opinion. There was no mention whatsoever of the Court's reasoning regarding the award or its amount."

That argument also has nothing to do with defendants' ground for objecting to the testimony, and it identifies no imaginable error on any ground.

In their second and third assignments, defendants ascribe error to the court's award of punitive damages on both the conversion and the intentional interference claims. They argue that there was insufficient evidence to support the awards. Evidence of aggravated misconduct abounded and was set out by the trial court in some detail in its memorandum opinion in explaining its award of punitive

---

[1] We refer to Washington County Area Agency on Aging as plaintiff and to D.D. & E.M. Goodrich Enterprises, Inc., and Dwayne Goodrich as defendants. The other parties below are not involved in the appeal.

damages for the conversion. The same evidence was sufficient to support an award of punitive damages on the intentional interference claims. However, the issue is complicated with respect to those claims by the trial judge's statement:

> "It should be mentioned that [defendant Goodrich's] membership on the Board and his close working relationship with the tenant, form the basis for this award."

Goodrich was on the board of Petra Perez and had been active in its operations. Although Goodrich intentionally interfered with the contractual relations between plaintiff and Petra Perez, we do not understand the court to have found or that there was any basis for a finding that Goodrich owed *plaintiff* a fiduciary duty. It is questionable whether his relationship with the other contracting party would be sufficient *in itself* to support an award of punitive damages to plaintiff for the intentional interference with the contract. Although the trial court's finding is susceptible to the interpretation that that was its only basis for the award, we do not interpret it that way. The opinion was seven pages in length, and the intentional interference claim was addressed specifically only in the last paragraph. The evidence and conclusions set forth in the balance of the opinion provided ample justification for an award of punitive damages for both torts. We do not read the trial court's finding about Goodrich's relationship with Petra Perez as signifying that it was disregarding all of the other evidence in assessing punitive damages for intentional interference. Rather, we read it to mean that, along with the evidence already described in the opinion that supported punitive damages for conversion, there was an additional factor that was uniquely relevant to the second tort. However, even without that factor, the other evidence was sufficient to support both awards.

In its responding brief, plaintiff moves to dismiss the appeal because defendants failed to post the bond required by the trial court. Given our holding and the stage of the appeal at which the motion comes, no purpose would be served by dismissing the appeal.

Motion to dismiss denied; affirmed.